CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 12 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS TULLY,<br>Plaintiff, | Civil Action No. 7:07-cv-00165 |
| v. | **MEMORANDUM OPINION** |
| MAGISTRATE NAOMI LONG, et al.,<br>Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff, Thomas Tully, a Virginia inmate proceeding pro se, filed this "motion of mandamus," naming Magistrates Naomi Long and Martha Baker, and Judge John J. McGrath, Jr. as defendants. Naomi Long and Martha Baker are Magistrates for Winchester/Frederick County, Virginia. Judge John J. McGrath, Jr., presides in Virginia's 26th Judicial Circuit Court. The court finds that it has no authority to issue a writ of mandamus directing the state court judicial officers in the performance of their duties. In addition, because Tully alleges that the defendants violated his constitutional rights, the court also construes his complaint as a civil rights action, pursuant to 42 U.S.C. § 1983. However, the court finds that the defendants have judicial immunity and, therefore, Tully cannot maintain a civil rights action against them. Accordingly, the court dismisses this action.

I.

Tully alleges that Magistrates Long and Baker denied his numerous requests to issue arrest warrants against certain individuals whom he alleges stole his personal property and that Judge McGrath dismissed a motion for writ of mandamus which he filed in the Frederick County Circuit Court. He states that the defendants have denied his constitutional rights of equal protection, access to the courts, and due process of law. He asks the court to set a hearing wherein the court should "order the respondents to allow [him] to file the criminal complaints for issuance of warrants of arrest . . . ."

II.

Mandamus relief is available only when the petitioner has a clear right to the relief sought. See In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Further, mandamus relief is a drastic remedy and should only be granted in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394,

402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Federal courts have no general power to compel actions by state courts. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Nor do they have jurisdiction to review state court orders. See Dist. Court of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 199 (4th Cir. 1997). Accordingly, the court denies Tully's motion for a writ of mandamus.

Judicial officers are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983 for acts committed within their judicial discretion, even if the acts were allegedly done either maliciously or corruptly. Pierson v. Ray, 386 U.S. 547, 554 (1967); King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). Furthermore, Section 309(c) of the Federal Courts Improvement Act of 1996 ("FCIA") bars injunctive relief in any section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." FCIA, Pub. L. No. 104-317, 110 Stat. 3847 (1996); Wilner v. Frey, 421 F.Supp.2d 913 n.18 (2006) (citing Holbert v. Cohen-Gallet, 2006 U.S. Dist. LEXIS 1869 (E.D. N.Y. 2006)). The defendants' denials of Tully's requests for issuance of arrest warrants and a motion for mandamus are clearly functions performed within the defendants' judicial capacity and Tully does not allege that they violated a declaratory decree or that declaratory relief was unavailable to him. Therefore, the defendants are entitled to absolute immunity from civil liability.

### III.

For the reasons stated, the court dismisses Tully's action.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the plaintiff.

ENTER: This 11th day of April, 2007.

United States District Judge

2